**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

**LINDA KAY CLEVENGER,**

    Plaintiff,

  **v.**
                                                   **CIVIL ACTION NO. 2:16-CV-14**
                                                   **(BAILEY)**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    Defendant.

## ORDER ADOPTING REPORT & RECOMMENDATION

### I. INTRODUCTION

On this day, the above styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 17]. Pursuant to this Court's local rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on August 31, 2016, wherein he recommends that defendant's Motion for Summary Judgment [Doc. 14] be granted and plaintiff's Motion for Summary Judgment [Doc. 13] be denied. Plaintiff timely filed objections to the R&R [Doc. 18] on September 14, 2016. Having been fully briefed, this matter is now ripe for consideration. For the reasons set forth below, this Court adopts Magistrate Judge Seibert's R&R.

1

## II. BACKGROUND

On March 1, 2016, plaintiff filed her Complaint [Doc. 1] seeking judicial review of an unfavorable decision by the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). By standing order of the Court, this case was referred to United States Magistrate Judge James E. Seibert for proposed findings of fact and a recommended disposition. Thereafter, plaintiff filed a Motion for Summary Judgment [Doc. 13] on June 30, 2016, while defendant filed a Motion for Summary Judgment [Doc. 14], on July 27, 2016. The magistrate judge filed his Report and Recommendation on August 31, 2016, concluding that the ALJ's decision complied with applicable laws and regulations and that substantial evidence supported the ALJ's decision [Doc. 17]. Accordingly, the R&R recommends that the ALJ's decision be affirmed, the plaintiff's Motion for Summary Judgment be denied, and the defendant's Motion for Summary Judgment be granted [Id.]. Thereafter, plaintiff timely filed her Objections [Doc. 18] on September 14, 2016. The defendant filed a reply to plaintiff's objections on September 22, 2016 [Doc. 19].

## III. APPLICABLE LAW

A. Standard of Review:

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), this Court must conduct a *de novo* review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See **Oripano v. Johnson**, 687 F.2d 44 (4th Cir. 1982); *citing* **Webb v. Califano**, 458 F.Supp. 825 (E.D. Cal. 1979). General objections to the magistrate

judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Fed. R. Civ. P. 72, and have the same effect as a failure to object. *Veney v. Astrue*, 539 F.Supp.2d 841, 845 (W.D. Va. 2008); *citing* **United States v. Midgette**, 478 F.3d 616, 621-622 (4th Cir. 2007). Because plaintiff filed timely objections, this Court will undertake a *de novo* review as to those portions of the report and recommendation to which objections were made. The remainder will be reviewed for clear error.

B. Judicial Review of an ALJ Decision:[1]

"Judicial review of a final decision regarding disability benefits is limited to determining whether the findings . . . are supported by substantial evidence and whether the correct law was applied." *See* 42 U.S.C. § 405(g). An administrative law judge's ("ALJ") findings will be upheld if supported by substantial evidence. *See* **Milburn Colliery Co. v. Hicks**, 138 F.3d 524, 528 (4th Cir. 1998). The phrase "supported by substantial evidence" means "such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *See* **Richardson v. Perales**, 402 U.S. 389, 401 (1971) (citing **Consolidated Edison Co. v. NLRB**, 305 U.S. 197, 229 (1938)). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" **Hays v. Sullivan**, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing **Richardson v. Perales**, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from

---

[1] This Court notes that plaintiff objects to the legal standard applied in the R&R as incomplete [Doc. 18 at 2]. This Court notes that the legal standard set forth below addresses plaintiff's Objection to this point.

3

being supported by substantial evidence.'" ***Sec'y of Labor v. Mutual Mining, Inc.***, 80 F.3d 110, 113 (4th Cir. 1996) (citing ***Consolo v. Fed. Mar. Comm'n***, 383 U.S. 607, 620 (1996)). The issue is not whether a claimant is disabled, but whether the ALJ's finding of disabled or not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. ***Meyer v. Astrue***, 662 F.3d 700, 704 (4th Cir. 2011) (citing ***Craig v. Chater***, 76 F.3d 585, 589 (4th Cir. 1996)). Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence. ***King v. Califano***, 599 F.2d 597, 599 (4th Cir. 1979). "This Court does not find facts or try the case *de novo* when reviewing disability determinations." ***Id.***

C. <u>Five-Step Evaluation Process</u>:[2]

To be disabled under the Social Security Act, a claimant must meet the following criteria:

> [The] individual . . . [must have a] physical or mental impairment or impairments . . . of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. . . . '[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

---

[2] This Court notes that in her Objections, plaintiff complains that Steps Two and Three of the Five-Step Evaluation Process are incompletely described in the R&R [Doc. 18 at 1-2]. However, as noted in defendant's Response, "the fact that the Magistrate Judge did not quote regulations in their entirety does not provide any basis for the Court not to adopt the R&R" [Doc. 19 at 1]. This Court agrees, and notes that the Five-Step Evaluation Process is partially reproduced here merely for reference, but has been considered in its entirety in rendering this decision.

4

42 U.S.C. § 423(d)(2)(A) (2004). The Social Security Administration uses the following five-step sequential evaluation process to determine whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings . . . and meets the duration requirement, we will find that you are disabled.
>
> [Before the fourth step, the [RFC] of the claimant is evaluated "based on all the relevant medical and other evidence in your case record . . . ."]
>
> (iv) At the fourth step, we consider our assessment of your [RFC] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.[3]

---

[3] This Court also notes that plaintiff objects that, "the Magistrate Judge's description of determining the claimant's [RFC]" is incomplete, because he did not note that, "[b]asic physical and mental abilities must be sustained on a regular and continuing basis," which, per SSR 96-8p, means, "in an ordinary work setting 8 hours per day, 5 days per week[,] or an equivalent work schedule . . ." [Doc. 18 at 3]. Again, this in no way indicates that the Magistrate Judge has failed to fully consider how the RFC is determined or the rationale behind that regulation. Instead, the Magistrate Judge merely set forth a *summary* of this process, which does not indicate that his conclusion was somehow biased or failed to fully account for the evaluation process itself. Still, plaintiff's objection as to how this affects her disability determination at Step 5 has been noted and considered in rendering this decision.

20 C.F.R. § 404.1520 (2015); 20 C.F.R. § 416.920 (2012). In steps one through four, the burden is on the claimant to prove that he or she is disabled and that, as a result of the disability, he or she is unable to engage in any gainful employment. ***Richardson v. Califano***, 574 F.2d 802, 804 (4th Cir. 1978). Once this is proven, the burden of proof shifts to the Government at step five to demonstrate that jobs exist in the national economy that the claimant is capable of performing. ***Hicks v. Gardner***, 393 F.2d 299, 301 (4th Cir. 1968). If the claimant is determined to be disabled or not disabled at any of the five steps, the process will not proceed to the next step. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.

## IV. DISCUSSION

Plaintiff asserts a total of four objections to the analysis and conclusion sections of the magistrate judge's R&R.[4] This Court will address each of those objections in turn.

A. <u>Plaintiff's Objection Regarding the Appeals Council's Alleged Failure to Remand Despite Purported New Evidence from Dr. Pavlovich</u>:

In paragraph 7 of her Objections, plaintiff contends that the Magistrate Judge should have found an error where the Appeals Council did not "remand the case[,] despite new evidence which was a detailed RFC from the treating orthopedic surgeon, Dr. Pavlovich" [Doc. 18 at 4]. She further complains that the ALJ's opinion contained, ". . . no physical RFC opinion evidence by any examining physician, much less from a treating specialist,"

---

[4] This Court notes that plaintiff also objects to a fact, "stated by the Magistrate Judge on page 2 of the R&R [which] states that although Plaintiff's prior application filed in January of 2011 and denied in April [of] 2011 was eligible for reopening under the Commissioner's regulations, the ALJ did NOT reopen the prior application and only considered the period beginning on April 21, 2011, the day after the un-appealed initial determination on the prior claim and not beginning on the alleged onset date of March 13, 2010" [Doc. 18 at 1]. However, the Magistrate Judge's statement has no material effect on his reasons for affirming the ALJ's decision, nor does this purported misstatement have any meaningful impact on this Court's final decision.

6

and that, "[t]he ALJ acted as his own medical expert with regard to the large quantity of evidence which was added to the file after the state agency physicians had reviewed it" [Id. at 5]. Plaintiff then argues that the Appeals Council should have allowed Dr. Pavlovich's opinions to trump those, ". . . of the non-examining state agency physicians based upon the Commisioner's own regulations[,] had the [Dr. Pavlovich] opinion been in the file and before the ALJ" [Id. at 5].

Social Security claimants who are dissatisfied with an ALJ's ruling on their claim may request that the Appeals Council review "that action." 20 C.F.R. § 404.967. Those same regulations allow the dissatisfied claimant to submit additional evidence that was not before the ALJ when seeking review by the Appeals Council. 20 C.F.R. §§ 404.968, 404.970(b). When faced with new and material evidence, "the Appeals Council then 'evaluate[s] the entire record including the new and material evidence.'" **Meyer v. Astrue**, 662 F.3d 700, 704-05 (4th Cir. 2011) (quoting 20 C.F.R. § 404.970(b)); see also **Parham v. Commissioner of Social Sec.**, 627 Fed.Appx. 233 (4th Cir. 2015). "[I]f upon consideration of all the evidence, including any new and material evidence, the Appeals Council finds the ALJ's action, findings, or conclusion not contrary to the weight of the evidence, the Appeals Council can simply deny the request for review." **Id.** at 705. "In evaluating whether remand is necessary, [the district court must] view the administrative record as a whole, including the new evidence, to determine whether substantial evidence supports the Commissioner's decision." **Parham**, 627 Fed.Appx. at 233 (citing **Wilkins v. Sec'y, Dep't of Health & Human Servs.**, 953 F.2d 93, 96 (4th Cir.1991); **Meyer**, 754 F.3d at 257).[5]

---

[5] This Court notes that the Fourth Circuit in **Meyer** utilizes the Supreme Court's definition of "substantial evidence" as, "such relevant evidence as a reasonable mind might

7

This Court has reviewed the administrative record as a whole, including the questionnaire submitted by Dr. Pavlovich, and finds plaintiff's argument that a remand is necessary is unpersuasive. As noted in the R&R, the ALJ provided extensive reasoning for his RFC determination, including specific, concrete notations of the symptoms which plaintiff exhibited that led to his conclusion. The same is reproduced here, solely to reemphasize the extensive nature of the ALJ's findings:

> [S]he was found by a State Agency consultant in April 2011 to evidence no 'severe' psychological impairment but has since alleged significant debilitating depression and anxiety absent any convincing history of necessary or sought-after mental health treatment (Exhibits B16F, B29F, B70F and B76F). Her assertions do not appear as fully reliable with regard to her alleged symptoms and limitations. Rather they appear as overstated and calculated in significant part to facilitate secondary gain. The claimant has consistently – in connection with three relatively recent (April 2011, October 2012 and January 2013) State Agency assessments as to her physical [RFC] – been found capable of performing a significant range of "light" exertional work activity. She has undergone relatively minor left carpal tunnel release and right knee arthroscopic surgical procedures (Exhibits B66F, B72F, B75F and B80F). She is also morbidly obese. At 5'4 with reported weight ranging from 248 to 308 pounds, her Body Mass Index (BMI) has been indicated to range from 40 to 44.9 (Exhibits B3E/2, B20E/2, B71F/2 and B79F/11, 14). She was indicated in June 2014 to have lost 60 pounds within the preceding year, which should only serve to enhance her functionality. The undersigned has fully considered the claimant's body habitus and its incidental impact upon her symptoms and functionality (Social Security Ruling 02-1p). The claimant has evidence some mild-to-questionably moderate pathology of her thoraco-lumbar spine, and osteoporosis (Exhibits B73F/1-2). She has a history of asthma and restrictive lung defect (Exhibit B71F). She has uncomplicated, controlled Type II diabetes mellitus with some indications of polyneuropathy. In addition to those conditions, the claimant's indicated diagnoses of 'fibromyalgia' of "more than one year," with "good days and bad days." She offered that her body aches were "all over" and that she could not pinpoint one area. Her secondary complaint was diabetes that she had managed relatively successfully since 1998. As noted above, she reported a weight loss from 308 to 248 over the past year. The claimant has various aches and pains, none of which are seen as likely to preclude her ability for at least 12 months to perform such limited work as above. For the reasons stated and in view of the

---

accept as adequate to support a conclusion." ***Universal Camera Corp. v. N.L.R.B.***, 340 U.S. 474, 477, 71 S. Ct. 456, 459 (1951) (internal citations omitted).

evidence cited, and having accorded significant weight to the longitudinal assessments of six different State Agency psychological consultants since April 2011 the undersigned finds as above.

[Doc. 9-2 at 24-25 (emphasis added)]. This Court notes that the ALJ has set forth significant factual details which supported his conclusion. Plaintiff's objections that the questionnaire submitted by Dr. Pavlovich constitutes new evidence which warrants a remand is unavailing, as the ALJ's conclusion is supported by substantial evidence. Accordingly, plaintiff's objections to that point are overruled.

Plaintiff also alleges that the Magistrate Judge improperly distinguished **Meyer v. Astrue**, 662 F.3d 700, 704-05 (4th Cir. 2011), in the R&R. The Magistrate Judge noted that this Court in **Edgell v. Comm'r of Soc. Sec.**, 2015 WL 3868478 at *7 (N.D.W.V. June 23, 2015), in an opinion written by Chief Judge Gina M. Groh, analyzed a situation similar to that seen herein, where a claimant submitted an opinion from a treating physician after the ALJ's decision, yet the Appeals Council denied review. Judge Groh agreed with other district courts in the Fourth Circuit and found that **Meyer** applies only to scenarios where new evidence fills an "evidentiary gap" that plays a role in the ALJ's decision. *Id.*; *see also* **Turner v. Colvin**, 2015 WL 751522, at *5-6 (D.S.C. Feb. 23, 2015) (finding that a letter submitted to the Appeals Council did not justify remand under **Meyer** as it did not fill an "evidentiary gap"); **Miller v. Colvin**, 2014 WL 2208119, at *4 (W.D.N.C. May 28, 2014) (finding **Meyer** inapplicable because ALJ did not note "evidentiary gap"); **Davis v. Astrue**, 2012 WL 4479252, at *3 (D.S.C. Sept. 27, 2012) (distinguishing **Meyer** on the basis that letters submitted to Appeals Council "did not fill in an evidentiary gap that played a role in the decision of the ALJ"). This Court finds no reason to stray from these interpretations of

9

***Meyer***, as plaintiff would have this Court do. As the ALJ has not cited an evidentiary gap in this matter, ***Meyer*** does not apply to plaintiff's case. This Court has also conducted a stringent *de novo* review of the record, and does not find that an evidentiary gap existed in the ALJ's decision which was somehow address by Dr. Pavlovich's opinion. Accordingly, plaintiff's objections to the contrary are overruled.

As a final matter on this point, this Court notes that plaintiff references, at numerous points in her objection on the issue of the RFC finding, that she has set forth legal conclusions or points of fact in briefs that she has previously filed in this matter. For example, plaintiff notes that she has, "set forth in her briefs that the ALJ's RFC had very poor 'underpinning' by way of opinion evidence," and that "[p]laintiff's briefs demonstrated that the ALJ explanation misconstrued the evidence of [p]laintiff's employment by omitting salient facts," presumably because, as she later notes, "[t]his case has been a 'bear' to brief" [Doc. 18 at 5-6]. This Court notes that plaintiff's attempt to simply rehash arguments from her briefs is unpersuasive. This Court has conducted a thorough *de novo* review of the same, but finds nothing contained therein which would entitle the plaintiff to relief. Accordingly, plaintiff's remaining objections on this point are overruled.

B. <u>Plaintiff's Objection Regarding the ALJ's Interstitial Cystitis Determination at Step 2</u>:

Plaintiff next objects that the Magistrate Judge should have found that the ALJ erred in Step Two of his analysis, "[f]ailing to include interstitial cystitis ["IC"] as a severe impairment. Plaintiff asserts that the ALJ committed legal error in arriving at his Step 2 findings and misapplied the Commissioner's regulations by failing to consider medically determinable urinary tract impairments in combination with the other medically

10

determinable impairments" [Doc. 18 at 7]. Plaintiff further argues that her urge incontinence due to IC and stress incontinence are severe and would limit her ability to perform basic work functions because, "[t]hese conditions would require the need to work in close proximity to bathroom facilities. Plaintiff might need a special chair. She would require leave to take work breaks at will, not only to urinate but possibly to change clothing and incontinence protections. This would most likely affect [p]laintiff's ability to work in public. And so on. Urinary problems are an important aspect of [p]laintiff's dysfunction" [Id. at 9]. However, in reviewing the record *de novo*, this Court agrees with the Magistrate Judge that plaintiff's urge incontinence due to IC and related stress incontinence were not severe.

As noted in the R&R, a 2013 study showed that the Plaintiff did not have IC, and IC was not diagnosed until April 2014 [Doc. 9-16 at 108]. In the post-IC diagnosis notes, Dr. Chua, plaintiff's urologist, recommends that plaintiff adhere to an IC diet and return for an appointment a full year later [Doc. 9-17 at 70]. Finally, Dr. Chua's 2014 notes, at the time of diagnosis, indicate, "[g]lomerulation of the capillaries with minimal bleeding was noted adjacent to the orfices consistent with mild [IC]" [Id. at 66]. Accordingly, despite plaintiff's objections to the contrary, there is no substantial evidence to support her IC being a severe impairment, while there is explicit evidence that this impairment was simply mild. Plaintiff's objections on this issue are overruled.

C.     Plaintiff's Objections Concerning an Adequate Step 3 Evaluation:

Plaintiff next objects to the R&R on the ground that the Magistrate Judge did not find that the ALJ erred in performing his Step 3 Evaluation as to plaintiff's fibromyalgia [Doc. 18 at 10]. She further contends that, "the ALJ did not perform the required analysis, but simply

11

stated that he had considered the Listings and that four different state agency medical consultants concluded that no listing, including Listing 14.06, was met or equaled" [Id.]. This Court has reviewed the record *de novo*, and specifically assessed the ALJ's findings as to plaintiff's fibromyalgia, and finds that those objections are meritless. The ALJ stated that he accorded great weight to the assessments by four different state agency medical consultants [Doc. 9-2 at 21]. This Court has evaluated each of these four assessments, which considered whether Listing 14.06 was met or equaled, and finds that these collectively demonstrate that substantial evidence supports the ALJ's finding that this listing was not met [Doc. 9-3 at 11; 25; 42; 57]. Insofar as plaintiff further contends that she "did analyze Listing 14.09 D in her Brief to illustrate that there was sufficient evidence in the file from which an ALJ could reasonably conclude that Listing 14.09D is equaled," [Doc. 18 at 11], these same reports demonstrate that there is substantial evidence to support that Listing 14.09D was not met. Accordingly, the ALJ's finding that plaintiff's fibromyalgia did not meet listing 14.06 or 14.09D was supported by substantial evidence, and plaintiff's objections to the contrary are overruled.

Finally, plaintiff objects that, "[i]n failing to call a medical expert to evaluate equivalence in a case with so many severe unlisted impairments, and with so many impairments requiring specialized medical knowledge [e.g. rheumatologist], and with at least one impairment for which the record would support a determination of equivalence, the ALJ doomed his findings at Step 3" [Doc. 18 at 11-12]. However, as noted in the R&R, SSR 96-6p stipulates that:

[An ALJ] must obtain an updated medical opinion from a medical expert in the following circumstances:

> When no additional medical evidence is received, but in the opinion of the administrative law judge or the Appeals Council the symptoms, signs, and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable; or
>
> When additional medical evidence is received that in the opinion of the administrative law judge or the Appeals Council may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments.

However, as noted above, there is substantial evidence that supports the ALJ's decision that the new medical evidence would not somehow lead to a judgment of equivalence. Accordingly, plaintiff's objection that the ALJ, "robbed the claimant of her legal right to have her unlisted impairments evaluated at Step Three of the Sequential Evaluation," is overruled [Doc. 18 at 12].

## V. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 17]** is hereby **ORDERED ADOPTED** for the reasons more fully stated above and in the magistrate judge's report. Further, plaintiff's Objections **[Doc. 18]** are **OVERRULED**. Thus, plaintiff's Motion for Summary Judgment **[Doc. 13]** is **DENIED**, and defendant's Motion for Summary Judgment **[Doc. 14]** is **GRANTED**.

Accordingly, this Court hereby **DENIES** and **DISMISSES** plaintiff's Complaint **[Doc. 1]** and **ORDERS** that this matter be **STRICKEN** from the active docket of this Court. This Court further **DIRECTS** the Clerk to enter judgment in favor of the defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: October 25, 2016.

                                              JOHN PRESTON BAILEY
                                              UNITED STATES DISTRICT JUDGE